UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____x
MARIETTE MARZO

                        Plaintiff,

v.

ADVANCED CALL CENTER TECHNOLOGIES

                        Defendant.
_____x

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

### *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendant transact business here and the conduct complained of occurred here.

### *PARTIES*

3. Plaintiff, Mariette Marzo, is a natural person residing in the Town of Amherst, County of Erie, State of New York.

4. Defendant, Advanced Call Center Technologies (hereinafter referred to as "ACCT"), is a foreign corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at 1235 Westlakes Drive, Suite 160, Berwyn, PA 19312.

1

Defendant's principal purpose of business is in the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *FACTUAL ALLEGATIONS*

6. During the approximate months of September, October and November 2010, Defendant placed a bombardment of telephone calls to Plaintiff's mobile telephone. The calls were placed in an attempt to collect a consumer debt as defined by 15 U.S.C. § 1692. In effect, the Defendant regularly contacted the Plaintiff more than ten (10) times a day. Said calls were placed to annoy, harass and coerce Plaintiff into paying a debt the Plaintiff does not owe. Due to these continued repetitive telephone calls, the Plaintiff suffered a great deal of emotional distress, nausea, and anxiety. In fact, the Plaintiff had to frequently turn off her cellular telephone in order to accomplish work related responsibilities at her place of employment. Furthermore, because of having to turn off her cellular telephone, Plaintiff worried that she would not be able to be reached by family members in case of an emergency or for other important matters. Plaintiff also worried that the numerous calls placed by the Defendant would increase her "anytime minutes" and would therefore add additional charges to her bill. Many times, Defendant contacted the Plaintiff, only to place another call immediately after the first call.

7. On October 28, 2010, one of Defendant's employees called Plaintiff. Defendant's employee threatened Plaintiff by advising her that if she does not make payment, her credit would be damaged for ten years. Defendant's employee also told Plaintiff that she has a history

of not paying her bills with Defendant's client due to Plaintiff being unemployed at various times. Said statements are untrue and were said in an attempt to demean Plaintiff. Due to Defendant's employee's demeaning statements, Plaintiff cried and suffered emotional distress and loss of sleep. The employee's conduct and actions were at Defendant, ACCT's, request and direction.

8. As a result of the misconduct above, Plaintiff suffered a great deal of emotional distress, nausea, stress, and anxiety.

## *FIRST CLAIM FOR RELIEF*

9. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through eight (8) above.

10. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

11. Defendants violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

12. Defendants violated 15 U.S.C. § 1692 by causing a bombardment of harassing telephone calls to Plaintiff's Mobile telephone.

13. Defendants violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendants' collection actions.

14. Defendants violated 15 U.S.C. § 1692e(11) by failing to provide the debt collection notice during a telephone conversation with Plaintiff.

15. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of an alleged debt.

16. Defendant violated 15 U.S.C. § 1692 by misrepresenting the time a defaulted account can stay on a consumer's credit report.

WHEREFORE, Plaintiff, Mariette Marzo, respectfully requests that judgment be entered against Defendant, Advanced Call Center Technologies, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

Dated: December 21, 2010
Buffalo, NY

Respectfully submitted,

*/s/ Jason A. Shear*
Jason A. Shear, Esq.
SHEAR LAW FIRM, P.C.
4160 Harlem Road
Buffalo, NY 14226-4421
Phone: (716) 566-8988
E-mail: jshear@shearlawfirm.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mariette Marzo, demands trial by jury in this action.

## INDIVIDUAL'S VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ERIE      )

I, MARIETTE MARZO, the Plaintiff, being duly sworn in the within action, have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: Buffalo, New York
       December 15, 2010

_____
MARIETTE MARZO

Sworn before to me, this

15th day of December, 2010

_____
Notary Public

ROBERT M. ADER
Notary Public, State of New York
No. 01AD6003293
Qualified in Erie County
Commission Expires March 2, 20_14_